IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BRENTDRICK DEMOND COLLIER, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:21-CV-008-Z-BR |
| ABBIGAIL M. DEAN, *et al.*, | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO GRANT
MOTION TO DISMISS AND TO DISMISS REMAINING
DEFENDANTS FOR WANT OF PROSECUTION**

Plaintiff Brentdrick Demond Collier ("Plaintiff"), proceeding *pro se* and while in the custody of the Texas Department of Criminal Justice ('TDCJ"), brings this action against three Defendants pursuant to 42 U.S.C. § 1983, all of whom are alleged to be current or former TDCJ employees, complaining that excessive force was used against him during his time in the Dalhart Unit. (ECF 3 at 4). One Defendant, Shelly Stone, has appeared, represented by the Attorney General of Texas ("OAG"), and now moves to dismiss the claims against her. (ECF 23). For the reasons that follow, it is the recommendation of the undersigned United States Magistrate Judge to the United States District Judge that the Motion to Dismiss be granted, and all other unserved Defendants dismissed for want of prosecution.

I. ANALYSIS

When determining whether a plaintiff has stated a claim sufficient to avoid dismissal, courts are to accept well-pleaded allegations and construe them in a light most favorable to the non-movant, but need not accept "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arias-Benn v. State Farm Fire & Cas. Ins. Co.*, 495 F.3d 228, 230 (5th Cir.

2007). In the context of § 1983 actions, government officials cannot be held responsible for the conduct of their subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Therefore, plaintiffs "must plead that each [g]overnment official defendant, through the official's own actions, has violated the Constitution." *Id.*

With those principles in mind, the undersigned must examine the particulars of Plaintiff's removed Amended Complaint for allegations against Defendant Stone. Plaintiff is entitled to a liberal reading of his filings. *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). However, the most careful reading serves only to confirm that Plaintiff cannot succeed here.

On a page labeled "VI. Parties to this Suit," Plaintiff alleges Defendant Stone "over saw Officer Dean spray my cell with High Pressure Hose [sic]." (ECF 3 at 3). Plaintiff's allegations against Defendant Stone are plainly deficient because they do not tread beyond a *respondeat superior* theory barred in § 1983 actions. A failure to allege specific actions on the part Defendant Stone is unequivocally fatal to any claim Plaintiff may have against her. Accordingly, dismissal is appropriate.

As a secondary matter, the undersigned observes that Plaintiff was ordered on June 9, 2023 to provide additional information as to the unserved Defendants. (ECF 25). The deadline to do so was June 30, 2023. (*Id.*). Because he has failed to do so, those Defendants should be dismissed for want of prosecution.

## II.   RECOMMENDATION

It is the recommendation of the undersigned United States Magistrate Judge to the United States District Judge that the Motion to Dismiss, (ECF 23), be granted and Defendant Stone be dismissed from this action. It is further recommended that all other unserved Defendants be dismissed for want of prosecution.

### III. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED July 14, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).