IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| BRENTDRICK COLLIER, TDCJ-CID No. 2220895, Plaintiff, v. ABBIGAIL M. DEAN, *et al.*, Defendants. | 2:21-CV-008-Z-BR |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Objection (ECF No. 86), filed April 16, 2025, to the Magistrate Judge's Findings, Conclusions, and Recommendations ("FCR") (ECF Nos. 83, 84) to grant Defendant Abigail M. Dean's Motion to Dismiss (ECF No. 79) and to dismiss all claims against Defendant Maritssa Franco pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii).

After considering the Magistrate Judge's FCR, the relevant law, and the briefing, the Court **OVERRULES** Plaintiff's Objection (ECF No. 86) and **ADOPTS** the Magistrate Judge's FCRs (ECF Nos. 83, 84). Accordingly, Defendant Abigail M. Dean's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (ECF No. 79) is hereby **GRANTED** and the claims against Defendant Maritssa Franco are hereby **DISMISSED** with prejudice pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii).

### BACKGROUND

Plaintiff's Complaint arises out of an alleged altercation in his cell in the Dalhart Unit of the Texas Department of Criminal Justice, where Defendant Dean "used a fire hose as a weapon against him while he was sleeping." ECF Nos. 83 at 1, 84 at 2. Plaintiff also claims that Defendant Franco "failed to interfere with Dean's conduct, and directed Dean as to

where she should spray the water." ECF Nos. 83 at 2, 84 at 3. Dean filed a Motion to Dismiss on February 4, 2025, to which Collier did not respond. ECF No. 79.

After considering Plaintiff's Complaint and Dean's Motion to Dismiss, the Magistrate Judge concluded that claims against Dean in her official capacity should be dismissed without prejudice, that Plaintiff "failed to allege facts showing Dean intentionally used the hose to inflict injury upon him," that Plaintiff failed to "state a viable claim for a due process violation," and that Dean "is entitled to dismissal of the claims against her . . . based upon her affirmative defense of qualified immunity." ECF No. 83 at 4–10. Accordingly, the Magistrate Judge recommended that Dean's Motion to Dismiss be granted. *Id.* at 10–11. As a result of this determination, the Magistrate further recommended that Plaintiff's claims against Franco be dismissed for failure to state a claim. ECF No. 84 at 3–4.

LEGAL STANDARD

I. Review of a Magistrate Judge's Findings, Conclusions, and Recommendations

A party may serve and file objections to a non-dispositive magistrate judge's order "within 14 days after being served with a copy." FED. R. CIV. P. 72(a). For these timely objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, for objections that are not filed within the 14-day period, the Court reviews the Magistrate Judge's findings and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

II. Rule 12(b)(1) and (b)(6) Motions to Dismiss

A court may dismiss a complaint for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). A case is properly dismissed for lack of subject-matter jurisdiction when the court lacks "the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of*

*Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). The Court should grant a 12(b)(1) motion to dismiss only where it is certain that the plaintiff cannot prove any set of facts that would entitle him to recovery. *Morris v. Thompson*, 852 F.3d 416, 419 (5th Cir. 2017). The party invoking the Court's jurisdiction bears the burden of demonstrating that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Similarly, a court may also dismiss a complaint for failure to state a claim. FED. R. CIV. P. 12(b)(6). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts should "construe facts in the light most favorable to the nonmoving party," as a motion to dismiss under 12(b)(6) "is viewed with disfavor and is rarely granted." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

ANALYSIS

Plaintiff's Objection states that "[b]eing in prison limits [his] resources for litigation and proceedings," that pro se petitions are "supposed to be construed liberally," and that "[d]iscovery would remedy all findings and conclusions the courts have." ECF No. 86. Plaintiff does not, however, appear to make any specific objections to the Magistrate Judge's FCRs. Objections to the FCR must be "specific" and "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). Where a party objecting to the FCR fails to assert specific objections, the district court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Just so here. Because Plaintiff's statements fail to assert specific objections and

do not indicate that the Magistrate's FCRs demonstrate clear error, Plaintiff's Objection is overruled.

CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objection (ECF No. 86) and **ADOPTS** the Magistrate Judge's FCRs (ECF Nos. 83, 84). Accordingly, Defendant Abigail M. Dean's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) (ECF No. 79) is hereby **GRANTED** and the claims against Defendant Maritssa Franco are hereby **DISMISSED** with prejudice pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii).

**SO ORDERED.**

April 23, 2025

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

4